```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 9                                    AT TACOMA

10   PAULINE W. ALDRICH,
                                                    CASE NO.    **C08-5475RBL**
11                  Plaintiff,
                                                    AMENDED REPORT AND
12         v.                                       RECOMMENDATION

13   MICHAEL J. ASTRUE, Commissioner of             Noted for February 6, 2009
     Social Security Administration,
14
                    Defendant.
15
16
```

17       This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

18  636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W.

19  v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the

20  undersigned recommends that the Court remand the matter to the administration for further consideration.

21                                         <u>INTRODUCTION</u>

22       Plaintiff, Pauline Aldrich, was born in 1960. She completed her high school education. She

23  reported her educational background to include two years of college, completed in February, 2005. She

24  received no degree. (Tr 349, 578). Plaintiff has worked in several different capacities, including

25  receptionist, raising and training horses, refuse hauler, and private health care provider. Her medical

26  problems and physical impairments appear to have begun in 1993, following an injury to her mid-lower

27  back when she slipped and fell on a wet floor. She has not worked since May 2000. (Tr. 137).

28       Plaintiff filed an application for Social Security Supplemental Income benefits on April 12, 2005.

(Tr. 329). Plaintiff alleged disability on the basis of bilateral carpal tunnel syndrome, right rotator cuff disorder, cervical disorders, obesity, asthma and fibromyalgia. The application was denied initially and upon reconsideration. (Tr. 298, 302, 303). Ms. Aldrich's hearing was conducted by an administrative law judge ("ALJ") on May 3, 2007. (Tr. 572-611). Witnesses included Ms. Aldrich and a vocational expert.

An unfavorable ALJ decision was rendered on June 20, 2007. (Tr. 14-25). The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 12, 2005, the earliest date relevant to this matter (Tr. 19, Finding 1). 20 C.F.R. § 416.920(b). At step two, the ALJ found that Plaintiff had the following severe impairments: a history of torn right rotator cuff and degenerative changes in the right shoulder; degenerative disc changes of the cervical and lumbar spine; and obesity (20 CFR 416.920(c) (Tr. 20, Finding 2). 20 C.F.R. § 416.920(c).

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment (Tr. 20, Finding 3). See 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). The ALJ determined that Plaintiff had the residual functional capacity (RFC), 20 C.F.R. §§ 416.920(e), 416.945, to perform sedentary work. Sedentary work involves lifting no more than 10 pounds at a time, and occasionally lifting articles like files, ledgers and small tools; it is usually performed while sitting, but some standing and walking is often necessary (20 CFR 404.1567, 416.967). Plaintiff is capable of reaching overhead with her dominant, right upper extremity only occasionally, no more than 30% of the time. (Tr. 20, Finding 4). 20 C.F.R. § 416.967 (defining exertional levels of work); Social Security Ruling (SSR) 83-10, available at 1983 WL 31251 (same). At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a receptionist (Tr. 23, Finding 5). See 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

The ALJ made an alternative step five findings given some issues regarding whether or not Plaintiff's past relevant work was performed as substantial gainful activity (Tr. 23-24). At step five, the ALJ found that, based on the above residual functional capacity, Plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert: table worker, semiconductor bonder, and call-out operator (Tr. 24, Finding 9). See 20 C.F.R. §§

416.920(a)(4)(v), 416.920(g).

Following the ALJ's adverse decision, Ms. Aldrich timely filed a Request for Review with Social Security's Appeals Council. (Tr 12, 13). Ms. Aldrich submitted contentions of counsel and additional medical evidence in support of the Request for Review, and the Appeals Council made this additional evidence part of the record. (Tr. 567-70, 571, 9). On June 21, 2008, the Appeals Council issued its notice, denying the Request for Review (Tr. 6-8), leaving the ALJ's decision as the final administrative decision.

Plaintiff now seeks additional review of the administrative decision denying his application for social security benefits. Plaintiff specifically argues: (1) the ALJ erred in her assessment of her severe impairments; (2) the ALJ erred in her assessment of her credibility and residual functional capacity; and (3) the ALJ erred in finding that Ms. Aldrich was capable of other employment. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly supported by substantial evidence in the record.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

*A.     THE ALJ ERRED WHEN SHE FAILED ASSESSED MS. ALDRICH'S "SEVERE" IMPAIRMENTS*

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the

step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities,"  20 C.F.R. §§ 404.1520(c),  404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b);  Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to work."  *See* SSR  85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

Here, Plaintiff argues the ALJ failed to include fibromyalgia as a "severe" impairment despite adequate evidence indicating otherwise.  Specifically, Plaintiff argues the ALJ failed to consider Dr. Karr's specific finding that Ms. Aldrich was "exquisitely tender in 18 of 18 characteristic fibromyalgia locations".  (Tr. 545).   Dr. Karr stated, "Patient meets the ACR criteria for fibromyalgia syndrome."  (Tr. 548).  Plaintiff reported generalized musculoskeletal pain and chronic fatigue.  (Tr. 545).   In June 2006, a state agency physician, Dr. Olsen, reported Plaintiff was unable to work due to exertional limitations.

The ALJ acknowledged and considered this evidence, writing the following:

> A review of the evidence shows that the claimant's asthma has not caused significant respiratory distress.  She continues to smoke despite physicians' advice to stop.  The claimant has a history of low TSH levels, but she has not presented with full-blow hypothyroid symptoms (exhibit B-6F).  The claimant has had CTS symptoms and 18/18 positive fibromyalgia trigger points, although she was not particularly limited and she had intact neurologic deficit (exhibit B-12F:3).  A rheumatoid evaluation did not find any rheumatoid process, but she was diagnosed with fibromyalgia, CTS, obesity, and other impairments by history.  The claimant underwent bilateral decompression in November 2006 and January 2007, with significant resolution of her symptoms and return to normal hand and wrist function (exhibits B-9F; B-13F: 12-13).
>
> In light of the medical record and the claimant's activities, these other impairments are not severe, but they are taken into account in assessing the claimant's residual functional capacity.

(Tr. 20).

Based on the legal standards noted above, Ms. Aldrich presented sufficient evidence to support a finding that fibromyalgia and the limitations/symptoms associated with that condition have more than a minimal effect on her ability to work.  Accordingly, the ALJ erred when she did not include fibromyalgia as a "severe" impairment.  Moreover, the undersigned finds the ALJ's RFC did not include all of the

possible limitations caused by Plaintiff's fibromyalgia.

After reviewing the arguments presented, the court finds the matter should be remanded for further proceedings. Further proceedings are necessary because there are outstanding issues that must be resolved before a finding of disability can be made, such as Ms. Aldrich's residual functional capacity when the ALJ includes all of her severe impairments and Ms. Aldrich's credibility in light of the fibromyalgia impairment.

CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 30, 2009**, as noted in the caption.

DATED this 21st day of January, 2009.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge